a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DASHONE MARCEL REYNOLDS #704241, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00103 SEC P |
| VERSUS | JUDGE DRELL |
| MARCUS MYERS, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint filed under 42 U.S.C. § 1983 by pro se Plaintiff Dashone Marcel Reynolds ("Reynolds"). Reynolds is incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He names Warden Marcus Myers as the sole Defendant.

To determine if Raymond is entitled to relief, he must AMEND the Complaint.

I. Background

Reynolds alleges that Warden Myers failed to give him medical treatment and failed to provide him with medication. ECF No. 3 at 4.

II. Law and Analysis

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state viable claim for the violation of the Eighth Amendment's proscription against cruel and unusual punishment by the denial of medical care, a prisoner must allege that defendants acted with "deliberate indifference" to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Reynolds provides no facts supporting his claim. He must amend his Complaint to state:

  (1) every date on which he requested medical care from Warden Myers;

  (2) what response he received to each request for medical care by Warden Myers;

  (3) whether he was ever examined by any medical staff and what treatment or medications were prescribed;

  (4) what medications he was denied by Warden Myers and who prescribed those medications; and

2

(5) what injury he suffered because of the alleged denial of care by Warden Myers.

## III. Conclusion

Because Reynolds must provide additional information to support his claims, IT IS ORDERED that he AMEND the Complaint within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Thursday, June 1, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE